The Honorable Joycelyn Elders, M.D. Director, Arkansas Department of Health 4815 West Markham Street Little Rock, AR 72205
Dear Dr. Elders:
This is in response to your request for an official opinion regarding the release of information, received by the Department of Health, pursuant to the Arkansas Freedom of Information Act ("FOIA"). In your correspondence, you note that this question arises as a result of leaks of radioactive materials detected at facilities throughout the State. The leakages are a result of the use of static elimination devices supplied by 3M Company. You further note that the U.S. Nuclear Regulatory Commission has suspended distribution of the devices by 3M and that the U.S. Food and Drug Administration has become involved in the investigation of facilities utilizing the devices in the manufacture of food and cosmetics. You state, additionally, that 3M provides the State Radiation Control Program with listings of companies in Arkansas using the devices. You have asked the following specific questions in this regard:
 (1) If requested by the press under the FOI Act, are we required to release the list of companies having these devices in Arkansas?
 (2) If requested by the press, must we release the names of companies at which "leakers" have been confirmed or are suspected?
 (3) If we choose to release the list, are we in violation of any laws governing proprietary information/privacy etc.?
In response to your first question, it appears that the list of companies which 3M Company submits to the Department of Health may fall within the competitive advantage exception of the FOIA and as such would not be subject to public disclosure. This office has opined that the "substantial harm" test articulated in cases interpreting the federal FOIA may be applied in determining whether certain data falls within A.C.A. 25-19-105(b)(9). See Opinion No. 87-194, copy attached. At least one federal court has ruled that this test was met with respect to the exemption of customer lists under the following pertinent federal FOIA provision:
 This section does not apply to matters that are . . . trade secrets and commercial and financial information obtained from a person and privileged or confidential.
5 U.S.C.A. 552(b)(4); Public Citizen Health Research Group v. Food and Drug Administration, 704 F.2d 1280 (D.C. Cir. 1983).
While it appears that the disclosure of customer lists has not been addressed by an Arkansas court, the foregoing federal case indicates that the substantial harm test, when applied, will be met with respect to customer lists so as to preclude their disclosure under the federal exemption for trade secrets and "privileged or confidential" commercial and financial information. An Arkansas court would in all likelihood similarly conclude that a customer list is exempt from disclosure under the competitive advantage provision of the Arkansas FOIA. The list of companies referenced in your first question would therefore be exempt from disclosure to the extent it in fact constitutes a customer list. This is a factual question which can only be answered based upon information supplied by 3M company.
With regard to your second question, it appears that the Health Department may release the names of companies where leaks are suspected and have been confirmed. As stated in your correspondence, such information has been generated as a result of on-site inspections conducted by Health Department Personnel. We find no provision precluding disclosure of such information. It should be noted, moreover, that the Company will in all likelihood have the burden of proving that release of the information would cause substantial harm to its competitive position.
As stated in response to question No. 1, it may be concluded that the list of companies is protected from disclosure upon a showing that its constitutes a customer list. The list of facilities where leaks have been detected would be subject to public disclosure pursuant to the FOIA.
Sincerely,
Steve Clark Attorney General